

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO._____ |
| KNAPP MEDICAL CENTER, | § § | |
| Defendants. | § | |

3-00CV2273-X

CIVIL ACTION NO._____

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, St. Paul Fire & Marine Insurance Company ("St. Paul") files this Complaint against Knapp Medical Center ("Knapp"). In support of this cause of action, St. Paul respectfully shows the Court the following:

### I. THE PARTIES

1.      Plaintiff, St. Paul Fire & Marine Insurance Company is a Minnesota corporation with its principal place of business in Minnesota. St. Paul is a foreign insurance carrier authorized to do and doing business in the State of Texas.

2.      Defendant, Knapp Medical Center is a non-profit corporation organized under the laws of Texas. It can be served through its registered agent, Robert Vanderveer at 8th and James Street, Weslaco, Texas, 78596.

## II. JURISDICTION

3.     This Court has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 and upon complete diversity of citizenship pursuant to 28 U.S.C. §1332. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.    Jurisdiction is also appropriate because the issues presented in this suit are ripe for adjudication.

## III. VENUE

4.     Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(a) because a substantial part of the events giving rise to this claim occurred in this District.

## IV. BACKGROUND

5.     This declaratory judgment is based on an interim settlement agreement between St. Paul and Knapp wherein St. Paul funded a settlement on behalf of Knapp in a suit styled *Javier E. De La Garza v. Knapp Medical Center*; Cause No. C-3066-95-G, in the 370th Judicial District Court, Hidalgo County, Texas ("De La Garza"), settling all claims including potentially covered and non-covered claims.  A true and correct copy of Plaintiff's Third Amended Petition filed in the De La Garza matter is attached as Exhibit "A."

6.     On or about July 12, 1998,  plaintiff filed his Third Amended Petition in the De La Garza matter alleging four causes of action: (1) tortious interference with business relations; (2) civil conspiracy; (3) negligence; and (4) slander.

7.     St. Paul insured Knapp under a commercial general liability policy, number 603NE4821 (the "Policy").  The Policy's personal injury protection coverage provides a limit of liability coverage in the amount of $1,000,000.00.  A true and correct copy of the insurance policy number 603NE4821 is attached as Exhibit "B."

8.      Under the Policy, slander is the only potential covered claim.

9.      St. Paul provided a defense in the De La Garza matter under a full reservation of rights. A true and correct copy of the St. Paul letter is attached as Exhibit "C."

10.     The August of 199[5] letter states, in part:

> The purpose of this letter is to advise you that St. Paul will provide a defense to KMC [Knapp] in the recently filed action under a reservation of rights.   This reservation includes the right to withdraw from the defense, seek an allocation of the defense costs, and deny coverage for any damages which would not be covered.

11.     On or about September 18, 1998, St. Paul supplemented its reservation of rights letter. A true and correct copy of the supplemental letter is attached as Exhibit "D".

12.     The trial of the De La Garza matter commenced on or about September 12, 2000.

13.     During trial and immediately prior to closing arguments, De La Garza offered to settle all claims for the $1 million policy limits pursuant to the *Stowers* doctrine.  A true and correct copy of plaintiff's settlement offer is attached as Exhibit "E".

14.     Although prior to trial, Knapp's counsel, Rex Leach, had evaluated the settlement value of the case not to exceed $75,000, Mr. Leach revised his evaluation during the trial and advised St. Paul that Plaintiff could obtain a verdict against Knapp in excess of $10 million. Mr. Leach's change in evaluation was delivered to St. Paul via a letter sent during the trial.  A copy of defense counsel's letter is attached as Exhibit "F."

15.     The incredible shift in evaluation during trial, coupled with Plaintiff's perfected *Stowers* demand placed St. Paul in a precarious position.

16.     During trial, the plaintiff put on sufficient evidence to prove his uncovered claims of tortious interference with business relations and civil conspiracy.

17.     On or about September 15, 2000, St. Paul entered into an interim settlement agreement agreeing to fund plaintiff's settlement offer to settle all claims including the potentially covered and non-covered claims in the De La Garza matter under a full reservation of rights. A true and correct copy of the St. Paul interim settlement agreement reservation of rights is attached as Exhibit "G."

18.     In the interim settlement reservation of rights, St. Paul reserved its right to file a declaratory judgment against Knapp to resolve coverage issues and to seek reimbursement from Knapp for any sums expended in the settlement of non-covered claims.

19.     St. Paul invited Knapp to participate in an apportionment of the funds, which it declined. On or about September 21, 2000, to facilitate the apportionment of settlement funds, St. Paul held a case evaluation meeting with a neutral third-party, Jerry Grissom.

20.     St. Paul specifically asked Jerry Grissom to evaluate the plaintiff's claims in the De La Garza matter and to apportion the settlement funds between covered and non-covered claims. A true and correct copy of Mr. Grissom's case evaluation report is attached as Exhibit "H."

21.     On or about September 29, 2000, in another attempt to facilitate the apportionment of funds, St. Paul met with Knapp representatives and defense attorney Rex Leach in McAllen, Texas, to negotiate the allocation of the settlement funds between potentially covered and non-covered claims, but the parties were unable to agree on an apportionment.

22.     On September 29, 2000, St. Paul funded the settlement in the De La Garza matter.

## V. **THE INSURANCE POLICY**

### A.     **The St. Paul Policy**

23.     The personal injury protection in the Policy provides a limit of liability coverage in the amount of $1,000,000, with effective dates of 7-1-93 to 7-1-94.

24.     The Policy provides personal injury protection for Knapp.  Personal injury under the policy means: "injury, other than bodily injury or advertising injury, caused by a personal injury offense."  The definition of personal injury offense includes slander.

25.     The St. Paul Policy also provides the following pertinent exclusion:

> **False Material**.  We won't cover personal injury or advertising injury that results from making known to any person or organization false, written or spoken material that:
>
> > Was made known by or for the protected person; and the protected person knew was false when it was made known.

## VI. **CAUSES OF ACTION**

### A.     **Count I: Declaratory Relief**

26.     St. Paul requests a declaration from this Court that a specific portion of the settlement funds in the De La Garza matter is attributable to non-covered claims, namely, tortious interference with business relations and civil conspiracy.  Accordingly, St. Paul seeks restitution of the settlement funds and defense costs that this Court finds attributable to the non-covered claims of tortious interference with business relations and civil conspiracy.

27.     St. Paul seeks a declaration that the "false material exclusion" bars coverage for the claim of slander.  Accordingly, St. Paul seeks reimbursement of the defense costs and settlement funds paid on behalf of Knapp in the De La Garza matter.

**B.**   **Count II:  Unjust Enrichment**

28.    Paragraphs 1 through 27 are incorporated herein by reference as if fully set forth.

29.    Given the context of plaintiff's settlement demand, St. Paul's action of funding the settlement was necessary for the protection of Knapp's interest.

30.    St. Paul conferred a benefit to Knapp for which Knapp was not legally entitled. Thus, St. Paul's settlement of the non-covered claims unjustly enriched Knapp.

31.    St. Paul is, therefore, entitled to restitution for the portion of the settlement funds this Court finds attributable to non-covered claims.

**C.**   **Count III:  Reimbursement under the Interim Settlement Agreement
           Reservation of Rights**

32.    Paragraphs 1 through 31 are incorporated herein by reference as if fully set forth.

33.    Pursuant to the interim settlement reservation of rights, St. Paul is entitled to reimbursement for the portion of the settlement funds attributable to the non-covered claims.

**D.**   **Count IV: Quasi Contract**

34.    Paragraphs 1 through 33 are incorporated herein by reference as if fully set forth.

35.    Knapp's conduct constitutes an implicit acceptance of St. Paul's offer to settle all claims in the De La Garza matter while reserving its right to subsequently seek reimbursement of the settlement funds attributable to non-covered claims.

36.    St. Paul's funding of the De La Garza settlement, after reserving its right to seek reimbursement of funds attributable to non-covered claims created an interim settlement agreement.   St. Paul is therefore, entitled to reimbursement for the amount paid in settlement of plaintiff's non-covered claims.

37.     Pursuant to the August 10, 199[5] reservation of rights letter, St. Paul specifically reserved its right to seek reimbursement of defense costs before the time it provided a defense to Knapp.  Knapp accepted St. Paul's defense in the De La Garza matter.  Thus, St. Paul is entitled to reimbursement of the defense costs in the De La Garza matter.

## PRAYER

WHEREFORE, premises considered, Plaintiff St. Paul respectfully prays that Defendant be cited to appear and answer herein and that, upon final trial of this cause, this Court enter Judgment as follows:

A.     Declaring that a specific portion of settlement funds in the De La Garza matter are attributable to non-covered claims;

B.     Declaring that the "false material exclusion" applies to Plaintiff's slander claim;

C.     Awarding Plaintiff restitution of defense costs and funds Plaintiff paid to settle the De La Garza matter that are attributable to uncovered claims;

D.     Awarding Plaintiff their actual damages in an amount to be proven at trial;

E.     Awarding Plaintiff any prejudgment and post-judgment interest as may be allowed under law at the highest respective lawful rates;

F.     Awarding Plaintiff its reasonable attorney's fees, costs of court, and expenses incurred in this action; and

G.     That St. Paul be awarded such other and further relief as this Court deems just and proper.

Dated this 16th day of October, 2000.

Respectfully submitted,

BAKER & McKENZIE

By: _____
     Linda M. Dedman
     State Bar No. 24007098
     2300 Trammell Crow Center
     2001 Ross Avenue
     Dallas, Texas 75201
     (214) 978-3000 - Telephone
     (214) 978-3099 - Facsimile

     ATTORNEYS FOR ST. PAUL FIRE &
     MARINE INSURANCE COMPANY,
     PLAINTIFF